**William L. SHAFFER, Plaintiff,**

v.

**E.P. McWILLIAMS, D.D.S., Alan Bukowski, and Doctor Jack Resnik, Defendants.**

**No. CIV–83–111T.**

United States District Court, W.D. New York.

Sept. 16, 1983.

William L. Shaffer, pro se.

Harris, Beach, Wilcox, Rubin & Levey, Rochester, N.Y. (Edward H. Fox and Robert B. Koegel, Rochester, N.Y., of counsel); Sullivan, Gough, Skipworth & Summers, Rochester, N.Y. (William Gough, Rochester, N.Y., of counsel) for defendants.

## DECISION and ORDER

TELESCA, District Judge.

### FACTS

Plaintiff, William L. Shaffer, instituted the instant Section 1983 action on February 10, 1983, alleging that defendants violated his civil rights with respect to dental treatment he received while incarcerated in the Ontario County Jail. The gravamen of plaintiff's lengthy complaint appears to be that he believes his Eighth Amendment rights against cruel and inhuman punishment were violated when the prison dentist, after extracting two of his teeth, refused to prescribe pain medication stronger than liquid Tylenol, for the pain plaintiff experienced as a result of the extractions. Counsel for the defendant dentist now moves for summary judgment.

### DECISION

The alleged indifference to plaintiff's claims of persistent pain following the tooth extraction may very well state a valid cause of action for medical malpractice in New York State courts against the prison dentist. However, as the Supreme Court has

held: "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). A complaint based on inadequate medical treatment states a valid cause of action if it alleges conduct which "shocks the conscience". *Williams v. Vincent,* 508 F.2d 541, 544 (2nd Cir.1974); *Tomarkin v. Ward,* 534 F.Supp. 1224 (S.D.N.Y. 1982).

After a careful review of plaintiff's complaint, I find that the acts alleged do not amount to a constitutional violation. According to plaintiff's complaint, between January 3, 1983 (the date of extraction) and January 14, 1983 plaintiff was examined by various medical personnel no less than eight (8) times. Medical attention of that frequency is not consistent with a finding of "deliberate indifference to serious medical needs". *Estelle, supra* 429 U.S. at 106, 97 S.Ct. at 292. While plaintiff may disagree with the effectiveness of the dentist's choice of pain killers, "a prisoner's disagreement with his prescribed treatment does not afford a basis for relief under Section 1983". *Tomarkin, supra* at 1230.

Accordingly, it is hereby

ORDERED that the defendants' motion for summary judgment is granted.

SO ORDERED.